UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:20-CR-435-FDW-DCK

| UNITED STATES OF AMERICA, | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) **ORDER** |
| IZZAT FREITEKH (1), and TARIK FREITEKH, a/k/a TAREQ FREITEKH (2), | ) |
| Defendants. | ) |

**THIS MATTER IS BEFORE THE COURT** on the Government's "Motion To Continue" (Document No. 52) filed September 2, 2021 and the Government's "Motion For Peremptory Setting" (Document No. 38) filed August 24, 2021. Having carefully considered the motions and the record, the Court will GRANT both motions.

## BACKGROUND

On December 16, 2020, a grand jury returned an indictment charging Defendants Izzat Freitekh and Tareq Freitekh with (1) one count of conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349, and (2) one count of bank fraud in violation of 18 U.S.C. § 1344. (Document No. 3, pp. 13-14). The indictment also charged Izzat Freitekh with one count of making false statements in violation of 18 U.S.C. § 1001. Id. at p. 15. The charges arose out of the Defendants' alleged scheme to submit fraudulent Paycheck Protection Program loan applications and their transfer of over a million dollars obtained thereby into personal bank accounts. (Document No. 37, pp. 1-2).

On January 5, 2021, attorney Chris Fialko entered a general appearance on behalf of Defendant Tareq Freitekh. (Document No. 19).

On August 17, 2021, the grand jury returned a superseding indictment, while retaining the original counts against Izzat and Tareq for conspiracy to commit wire fraud and for bank fraud and against Izzat for making false statements, adding new charges. (Document No. 34). Those additional charges include: (1) one count for conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h) against Izzat and Tareq, (2) four counts for money laundering in violation of 18 U.S.C. § 1957 against Izzat and Tareq, and (3) one count against Tareq for falsifying and concealing material facts in violation of 18 U.S.C. § 1001(a)(1). Id. at pp. 15-20.

On August 23, 2021, the Government filed its "Motion And Brief Requesting Hearing On Status Of Counsel" (Document No. 37). On August 24, 2021, the Government filed a "Motion For Peremptory Setting," in which it requested that the Court "peremptorily set this case for trial to commence on Tuesday, September 21, 2021." (Document No. 38, p. 1). On August 30, 2021, attorney Fialko filed a "Motion To Withdraw." (Document No. 46). On September 2, 2021, the Government filed a "Motion To Continue" (Document No. 52). The uCourt held a hearing on the motion for inquiry of counsel, the motion to withdraw, the motion for peremptory setting, and the motion to continue on September 13, 2021. The Court noted at that hearing that trial would be continued to November 29, 2021, as the Government requested.[1]

## DISCUSSION

The Government argues that a continuance until the Court's November criminal trial term is necessary so that the Court will have "adequate time to weigh the relevant [conflict of interest] issues" raised in the motion to withdraw and the motion for inquiry of counsel and so that, if necessary, new counsel for Tareq Freitekh has time "to enter an appearance…and adequately prepare for trial." (Document No. 52, p. 2). The Government further argues that "neither

---

[1] The Court notes that the Government's motion indicates that both Defendants are opposed to a continuance of the trial. (Document No. 52, p. 4).

defendant is detained," and that this is a "complex fraud cause," requiring that it "call more than a dozen out-of-state witnesses to testify at trial." Id. Because of the complex nature of the case, the pending conflict of interest issues before the Court, and the "logistical hurdles of organizing travel for these out-of-state trial witnesses during the COVID-19 pandemic," the Government contends that continuance "is necessary to ensure an efficient trial." Id. at pp. 2-3.

The Court finds the ends of justice served by continuing the trial outweigh the interest of the public and the Defendants to a speedy trial as set forth in 18 U.S.C. § 3161(h)(7)(A).[2] First, this is a complex fraud cause involving multiple charges of white-collar criminal activity, including fraud, money laundering, and making false statements. See 18 U.S.C. § 3161(h)(7)(B)(ii). The Government will be required to call multiple (over a dozen) witnesses from out of state in order to prove its case. (Document No. 52, p. 2). Moreover, the Government issued a superseding indictment on August 17, 2021, adding new charges against Izzat and Tareq. See (Document No. 34). Furthermore, given that the Defendants are out on bond, there is plainly no prejudice to them on account of a short, two-month continuance of the trial date. Perhaps more important, in order to allow new counsel for Defendant Tareq Freitekh to adequately prepare for trial and in light of the complex nature of the charges brought against the Defendants, the ends of justice are served by continuing the trial.

---

[2] Furthermore, the Court does not find that Defendants will be deprived of their constitutional right to a speedy trial according to the balancing test set forth in Barker v. Wingo, 407 U.S. 514, 530 (1972). Those factors that a court must assess in determining whether a defendant has been deprived of his speedy trial right include the "[l]ength of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." Id. Here, as the Government asserts, "a continuance to the Court's November trial calendar sets trial at approximately 11 months after the case commenced, which is appropriate and necessary for this complex fraud cause, and also is consistent with national and local trends." (Document No. 52, p. 2). Therefore, the length of the delay and the reason for the delay – particularly given the complex conflict of interest issues that were pending before the Court and the logistical challenges presented by the pandemic – suggest that no constitutional deprivation will occur through a continuance of trial. Finally, even though Defendants are opposed to a continuance (factor three), on balance, the factors suggest that continuing the trial does not effect a constitutional deprivation of the speedy trial right guaranteed by the Sixth Amendment. The Defendants are out on bond, and therefore, they are not prejudiced by a short two-month continuance of the trial date.

**IT IS, THEREFORE, ORDERED** that the Government's "Motion To Continue" (Document No. 52) is **GRANTED**. This case shall be continued and shall be peremptorily set to commence on Monday, November 29, 2021, pending further Order of the Court. The time until the new trial date shall be excluded under the Speedy Trial Act at 18 U.S.C. § 3161(h)(7)(A).

**IT IS FURTHER ORDERED** that the Government's "Motion For Peremptory Setting" (Document No. 38) is **GRANTED** based on the Court's September 13, 2021 hearing and the continuance of the trial date to November 29, 2021.

**SO ORDERED**.

Signed: September 14, 2021

Frank D. Whitney
United States District Judge